**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SMILEDIRECTCLUB, LLC | Case No. 1:19-cv-09582 (NRB) |
| Plaintiff, | |
| v. | **STIPULATED PROTECTIVE ORDER** |
| JACQUELINE I. FULOP, D.M.D., P.C., *et al.*, | |
| Defendants. | |

The Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing this Action, and the Parties having stipulated to the following provisions, it is hereby ORDERED, pursuant to Federal Rule of Civil Procedure 26(c), that any person subject to this Order, including without limitation the Parties to this Action, their attorneys, representatives, agents, experts and consultants, acting as such, all third parties disclosing confidential information in this Action, and all other interested persons with actual or constructive notice of this Order shall adhere to the following terms, upon pain of contempt:

**A. Designation of Protected Discovery Material**

1.      A "person" (i.e., a Party or a non-party) who produces "Discovery Material," i.e., information of any kind provided in the course of discovery in this Action, shall be referred to herein as a "Producing Person."  A person who receives Discovery Material shall be referred to herein as a "Receiving Person."

2.      A Producing Person may designate as "Confidential" or "Confidential – Attorney's Eyes Only" any Discovery Material that contains non-public business, commercial, research and development, manufacturing, operational or other highly sensitive technical,

scientific, or customer-specific information, financial, proprietary and trade secret information, or personal information, including information which qualifies as Protected Health Information (*see* Paragraph 3 below), the public disclosure of which is either restricted by law or the Producing Person reasonably believes would significantly harm his, her, or its business, commercial, financial, or personal interests or violate his, her, or its privacy or confidentiality obligations to others, including information that the Producing Person would not normally reveal to third parties or would cause third parties to maintain in confidence.

    a. Where the Confidential or Confidential – Attorney's Eyes' Only portion of Discovery Material is reasonably separable from the non-confidential portion, via redaction or otherwise, only the Confidential or Confidential or Confidential – Attorney's Eyes Only portion shall be so designated.

    b. With respect to the Confidential or Confidential – Attorney's Eyes' Only portion of any Discovery Material, other than deposition transcripts and exhibits, the Producing Person or that person's counsel may designate such portion as Confidential or Confidential – Attorney's Eyes' Only by stamping or otherwise clearly placing the notation "Confidential" or "Confidential – Attorney's Eyes' Only" on every page of each document[1] or portion thereof so designated in a manner that will not interfere with legibility or audibility.

    c. Deposition materials may be designated as Confidential or Confidential – Attorney's Eyes' Only as set forth in Paragraph 4 below.

3.     Pursuant to 45 C.F.R. § 164.512(e), all Receiving Persons are prohibited from using or disclosing any "Protected Health Information" (as that term is defined under the Health

---

[1] "Document" as used in thus Order shall have the meaning set forth in Local Rule 26.3.

lnsurance Portability and Accountability Act ("HlPAA") and its corresponding regulations, including 45 C.F.R. §§ 164.103, 164.501, and 164.512) for any purpose other than this litigation, and the Receiving Persons are ordered to destroy all protected health information, including any copies made of the information at the conclusion of this litigation. As a result, the Parties acknowledge and agree that this Stipulated Protective Order is also a Qualified Protective Order pursuant to HIPAA and 45 C.F.R. § 164.512(e).

a.   A person who believes that he, she, or it is producing Discovery Material that contains a portion of Protected Health Information, including medical records of any nature from hospitals, physicians, physical therapists, psychologists, psychiatrists, and any other healthcare provider any individual has seen or consulted or from whom he or she sought treatment, should designate it as such at the time it is produced.  (Discovery Material designated as "Confidential," "Confidential – Attorney's Eyes' Only," and/or as "Protected Health Information" shall be referred to collectively as "Protected Discovery Material.")

b.   Where the portion of the Discovery Material containing Protected Health Information is reasonably separable from the portion not containing Protected Health Information, via redaction or otherwise, only the portion containing Protected Health Information shall be so designated.

c.   With respect to the portion of any Discovery Material, other than deposition transcripts and exhibits, that contains Protected Health Information, the producing person or that person's counsel may designate such portion as Protected Health Information by stamping or otherwise clearly placing the notation "Protected

Health Information" on every page of each document or portion thereof so

designated in a manner that will not interfere with legibility or audibility.

    d.   Deposition materials may be designated as Protected Health Information as set

forth in Paragraph 4 below.

4.    Deposition testimony may be designated by any person as Protected Discovery Material within thirty-five (35) days of receipt of the transcript by advising all Parties to this action and the stenographer and videographer, in writing, that the designated portions of the testimony contain Confidential, Confidential – Attorney's Eyes' Only, or Protected Health Information.  The pages of the deposition transcript that are designated as containing Protected Discovery Material shall be bound in a separate volume from the main deposition transcript and marked "Confidential, Confidential – Attorney's Eyes' Only, and/or Protected Health Information Governed by Protective Order" by the reporter.

    a.   Any designation of deposition testimony as Protected Discovery Material

pursuant to this paragraph shall apply to the deposition transcript and any

corresponding deposition video footage.

    b.   During the thirty-five (35) day period following the conclusion of a deposition,

the entire deposition transcript will be treated as if it had been designated as

containing Protected Discovery Material.  If no designation is given before the

expiration of the 35-day period, the documents or information shall no longer be

treated as Protected Discovery Material.

5.    All Protected Discovery Material shall be used solely for the prosecution or the defense of this Action (including any appeal thereof) and for no other purpose, as set forth in this Order.

6.      If at any time prior to the trial of this Action, a Producing Person realizes that some portion of Discovery Material that that person previously produced without limitation should be designated as Confidential, Confidential – Attorney's Eyes' Only, and/or as Protected Health Information, the Producing Person may so designate that portion by promptly notifying all Receiving Persons in writing.  Such designated portion of the Discovery Material will thereafter be treated as Protected Discovery Material under the terms of this Order.  In addition, the Producing Person shall provide each Receiving Person with replacement versions of such Discovery Material that bears the appropriate designation within five (5) business days of providing such notice.

7.      Regardless of how it may be designated, none of the following types of Discovery Material shall be treated as Protected Discovery Material: (i) Information that is in the public domain at the time of disclosure; (ii) Information that becomes part of the public domain through no fault of the person who receives the Protected Discovery Material in this matter; or (iii) Information that was in the rightful and lawful possession of the receiving person at the time of disclosure.

8.      A Receiving Person may, at any time, challenge (the "challenge") the designation of any Discovery Material as Protected Discovery Material on the ground that it either does not qualify for protection or does not qualify for the level of protection with which it has been designated, by providing written notice to the Producing Person and all other Receiving Persons of the challenge and the basis for the challenge.  Within seven (7) business days of its receipt of that written notice, the Producing Person shall either withdraw the challenged designation or notify the Receiving Persons that it does not agree with the challenge.  If the Producing Person does not agree to withdraw the challenged designation, it shall meet and confer within seven (7)

business with the Receiving Person who made the challenge to attempt to resolve their dispute. If the Producing Person and the Receiving Person who made the challenge do not resolve their dispute, the Receiving Person may, within forty-five (45) calendar days from the date it originally sent notice of the challenge, move the Court for a ruling on the challenge.  The motion shall be made using the procedure set forth in the Court's Individual Practices for requests for pre-motion conferences.

     a. The Producing Person shall bear the burden of demonstrating why the Protected Discovery Material should be designated as Confidential, Confidential – Attorney's Eyes' Only, and/or as Protected Health Information.

     b. While any such motion is pending, the Protected Discovery Material subject to the motion shall continue to be treated as originally designated by the Producing Person.

     c. If the Receiving Person does not move the Court for a ruling on the challenge within the forty-five (45) day period, the challenge will be terminated and the Protected Discovery Material will retain its original designation.

     d. Nothing in this Order shall be construed as preventing any person from seeking further protection for any Protected Discovery Material it produces in discovery.

**B. Use and Disclosure of Protected Discovery Material**

9.     Any Receiving Person who receives Protected Discovery Material shall not disclose such Protected Discovery Material to anyone else except as expressly permitted by this Order.

10.     Each person who has access to Protected Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.  A person

with custody of Protected Discovery Material shall use commercially reasonable efforts to maintain them in a manner that limits access to those persons entitled under this Order to examine the Protected Discovery Material.

11.    A Receiving Person shall not disclose Discovery Material that is designated as Confidential or Protected Health Information to any other person whomsoever, except to:

   a.   the Parties to this Action;

   b.   the Parties' in-house counsel assigned to oversee this Action and the Parties' outside counsel retained specifically for this Action, including any paralegal, clerical or other assistants employed by such counsel and assigned specifically to work on this Action;

   c.   as to any document, its author, its addressee, and any other person shown on the face of the document as having received a copy;

   d.   any witness who is being prepared by counsel for a Party to testify at trial or deposition in this Action;

   e.   any witness who testifies at trial or deposition in this Action;

   f.   any person retained by a Party to serve as an expert witness or consultant or otherwise provide specialized advice to counsel in connection with this Action

   g.   stenographers and video technicians engaged to transcribe or record depositions conducted in this Action;

   h.   independent photocopying, graphic production services, or other litigation support services employed by the Parties or their counsel to assist in this Action, including computer service personnel performing duties in relation to a computerized litigation system;

     i.   any mediator or arbitrator engaged by the Parties to this Action;

     j.   the Court and its staff; and

     k.   any other person whom the Producing Person agrees in writing may have access to such material.

12.    A Receiving Person shall not disclose Discovery Material that is designated as Confidential – Attorney's Eyes' Only to any other person whomsoever, except to the persons identified above in Paragraph 11(b), 11(c), 11(f), 11(g), 11(h), 11(i), and 11(j).

13.    Prior to the disclosure of any Protected Discovery Material to any person referred to in subparagraphs 11(d), 11(e), 11(f), or 11(g) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement, in the form annexed hereto as Exhibit A, stating that that person has read this Order and agrees to be bound by its terms.  Counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial), disclosure of that person as an expert retained by a Party in this matter, or at the conclusion of the case, whichever comes first.

14.    Nothing herein shall restrict a qualified recipient of Protected Discovery Material from making working copies, abstracts, and digests of Protected Discovery Material for use in connection with this Action,, and such working copies, abstracts, and digests shall be deemed to have the same level of protection as other Protected Discovery Material.  Further, nothing herein shall restrict a qualified recipient from converting or translating such Protected Discovery Material into machine-readable form for incorporation in a data retrieval system used in connection with this Action, provided that access to such information, in whatever form stored or reproduced, shall be limited to those qualified recipients set forth in paragraphs 11 or 12.

**C. <u>Filing of Protected Discovery Material in this Action</u>**

15.     Notwithstanding the designation of Discovery Material as Protected Discovery Material, there is no presumption that such Protected Discovery Material will be filed with the Court under seal.

16.     The Parties shall follow the Court's Individual Practices with respect to pretrial requests to file sealed or redacted filings containing Protected Discovery Material.

17.     Nothing in this Order shall restrict any Party from introducing Protected Discovery Material as evidence at trial, hearings, or other in-person court appearances.  The Parties shall meet and confer regarding the procedures for such use of any Protected Discovery Material before the applicable hearing, trial, or other in-court appearance and shall move the Court for entry of an appropriate Order.  A Party also may seek a Protective Order prior to or at trial with respect to specific documents or information that he, she or it contends are confidential.

**E. <u>Termination of the Litigation</u>**

18.     This Order shall survive the termination of the litigation and shall continue to be binding upon the Parties and all other Receiving Persons, and this Court shall retain jurisdiction over the Parties and all other Receiving Persons for the purposes of enforcing this Order.  Within 30 days of the final disposition of this Action, including appeals, all Protected Discovery Material and all copies thereof, including copies in the possession of persons identified in paragraph 11 above, shall be promptly returned to the Producing Person or destroyed and counsel for each Receiving Person shall certify as to the full and complete return and/or destruction thereof, except as this Court may otherwise order or to the extent such information was used as evidence at the trial.

19.     Notwithstanding the foregoing, and subject to any Court order requiring the contrary, counsel for each Party may maintain a litigation file of all documents filed with the Court, including documents filed under seal that have not been destroyed by the Court or returned by the Court to the Party that lodged, filed or attempted to file them, and all documents prepared by counsel that have been exchanged with another Party, e.g., interrogatory answers, responses to document requests, etc.  Any such retained documents that contain or constitute Protected Discovery Material shall remain subject to this Order.

**F. <u>Miscellaneous</u>**

20.     Nothing in this Order shall be construed to preclude or restrict any Producing Person or that person's counsel from using, in any way, the Producing Person's own Protected Discovery Material.

21.     Nothing in this Order shall abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of any Protected Discovery Material.

22.     During the pendency of this case only, this Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO ORDERED:

Dated:  __May 26_____ , 2020

Hon. Naomi Reice Buchwald
United States District Judge

SO STIPULATED AND AGREED this 22nd day of May, 2020.

FOLEY & LARDNER LLP

By: _____

Robert S. Weisbein, Esq.
90 Park Avenue
New York, New York 10016-1314
Telephone: (212) 682-7474
rweisbein@foley.com

Jami A. Gekas, Esq.
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654-5313
Telephone: (312) 832-4500
jgekas@foley.com

*Attorneys for Plaintiff*

TARTER KRINSKY & DROGIN LLP

By: _____

Mark J. Rosenberg
Joel H. Rosner
1350 Broadway
New York, New York 10018
Tel. (212) 216-8000
mrosenberg@tarterkrinsky.com
jrosner@tarterkrinsky.com

*Attorneys for Defendants*

## EXHIBIT A

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

SMILEDIRECTCLUB, LLC

                Plaintiff,

        v.

JACQUELINE I. FULOP, D.M.D., P.C.,
*et al.*,

              Defendants.

Case No. 1:19-cv-09582 (NRB)

**NON-DISCLOSURE AGREEMENT**

I, _____ [print name], of _____ [print full address], acknowledge and declare under penalty of perjury that I have read in its entirety and understand the Order that was entered by the Honorable Naomi Reice Buchwald in the above-captioned action on _____ [date], governing the non-disclosure of Discovery Material that has been designated as Protected Discovery Material.  I agree that I will not disclose Protected Discovery Material to anyone other than for purposes of this litigation.  Within 30 days of being advised of the conclusion of the litigation, I will destroy any Protected Discovery Material I have or return it to the producing person, and I will certify to the producing person that I have done so.  By acknowledging these obligations under the Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Order could subject me to punishment for contempt of Court.

Dated: _____

_____
[Print name